JACOB D. LIT ET AL., RESPONDENTS, v. R. C. MAXWELL COMPANY, APPELLANT.

Argued June 21, 1920—Decided June 23, 1920.

On appeal from the Supreme Court, in which court the following *per curiam* was filed:

"The writ in this case was allowed to review the judgment of the District Court of Atlantic City in dispossessing a tenant in a proceeding instituted for that purpose by the landlord. It is admitted that the affidavit, which is the basis of this pro-

ceeding, set out the required jurisdictional facts, but it is urged by the prosecutor that the trial court was without jurisdiction to enter judgment in favor of the landlord because he failed to prove on the trial certain jurisdictional facts set out in the preliminary affidavit, to wit, ownership, that the relation of landlord and tenant existed, or that there was any agreement which authorized the agents of the owners to let the premises to the prosecutor. It was held by this court in *Moreland* v. *Steen,* 89 *N. J. L.* 383, that on a review of proceedings instituted by a landlord to dispossess a tenant, where the jurisdictional affidavit is sufficient, the only matter for determination is whether the landlord on the trial has produced any evidence tending to establish the jurisdictional facts set out in the preliminary affidavit, and that this court will not weigh the evidence but sustain the finding if there is any evidence to support it. On the trial it appeared that the Bacharach Real Estate Company, acting as the agents of the owners, had leased to the prosecutor the privileges of maintaining some kind of an advertising display on the roof of the building standing on the corner of Illinois avenue and the boardwalk, which expired by its terms on the 1st day of December, 1919; that before the expiration of the lease, negotiations were entered into between the prosecutor and Mr. Lit, acting for the defendants as owners, and the agents of the owner, for a new lease on different terms; that the tenant applied to Mr. Lit for temporary occupation of the premises while the negotiations were pending, and that Mr. Lit referred the proposed tenant to the real estate company, as agents for the owners, saying to the prosecutor that he had no objections but the details must be consummated by his agents; that the agents leased the premises for the term of one month until January 1st, 1920; that the negotiations for a new lease were abandoned, and the rent for the month of December paid by the prosecutor at the rate agreed upon in the written lease. As to the point that there was no proof of ownership, or that the relation of landlord and tenant was not proven, there was evidence that the Bacharach company was acting as agent for the owners, for it appears that the prosecu-

tor applied to the owner for permission to maintain the advertising display on the roof of the building where it was located pending the negotiations for a new lease, and was told that the owners would not object, but they must make arrangements with the real estate company, as the agent for the owner, and that thereupon the prosecutor and the agent entered into a lease for the month of December, 1919. There can be no doubt under the evidence that the prosecutor knew who was the proposed landlord, and that the Bacharach Real Estate Company was the authorized agent of the owners, or of the persons claiming to be the owners, but whether the agent represented the owner or not is immaterial because the tenant cannot dispute the title of the person under whom he holds as landlord. As to the authority of the Bacharach Real Estate Company to make the lease for the month of December, 1919, there was evidence from which it can be inferred that this was done by the authority of Mr. Lit whom the prosecutor recognized and dealt with as owner. This disposes of the objection that the agent had no authority to act for the owner. It appears that the prosecutor, and others in his behalf, contradict the truth of the evidence from which the foregoing inference may be drawn, but the court does not weigh the evidence in causes of this class. The judgment will be affirmed, with costs."

For the respondents, *Harry Cassman.*

For the appellant, *Babcock & Champion.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered in the Supreme Court.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, MINTURN, BLACK, KATZENBACH, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 8.

*For reversal*—PARKER, J. 1.